UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT M. O'BOYLE,

    Plaintiff,

vs.                                              Case No.

UNUM LIFE INSURANCE COMPANY        HON.
OF AMERICA,

    Defendant.

---

Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503
Telephone:   616/235-2300
Facsimile:    616/459-0137
Email:        thaney@troyhaneylaw.com

---

## COMPLAINT

Plaintiff, Robert M. O'Boyle, by his attorney, Troy W. Haney of Haney Law Office, P.C., and for his complaint against defendant, states as follows:

### Nature and Action and Jurisdiction

1. This is a civil complaint brought by Plaintiff, Robert M. O'Boyle ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling defendant to provide certain disability insurance

benefits in amounts and at the coverage levels promised and for an accounting, recovery of damages, costs and attorney fees incurred as a consequence of defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

### Parties and General Allegations

4. At all relevant times, Plaintiff, Robert M. O'Boyle, was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the Kitch Drutchas Wagner Valitutti and Sherbrook, P.C. Employee Benefit Plan ("the Plan") provided by Kitch Drutchas Wagner Valitutti and Sherbrook (Kitch Drutchas) to its eligible employees, including Plaintiff, administered and funded by three different insurance policies issued by defendant, Unum Life Insurance company of America (Unum) to Kitch Drutchas providing group short term and long term disability benefits and group life insurance benefits, group policy numbers 147733 and 147732, and claim numbers 10712989, 11565349 and 11565601, respectively.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by Kitch Drutchas and funded by the above-referenced insurance policies issued by Unum. As such, Unum is the proper party to defend this matter and the sole entity responsible for the payment of claimed benefits set forth below.

6. At all relevant times, Unum was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Unum acted as a claims administrator and as a fiduciary for the Plan and exercised authority and control over the payment of long term disability benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-1(h)(1), Unum, therefore, functioned as an administrator for claims procedure purposes.

7. The Unum policies under which benefits are provided to plaintiff is subject to MCR R 500.2201-2202 providing that "a discretionary clause" included in a policy of insurance provided in Michigan is "void and of no affect". MAC R 500.2202. Therefore, the controlling policy in this matter does not provide for discretionary review and the standard of review in this matter is *de novo*.

### Facts

8. On all relevant dates, Plaintiff, Robert M. O'Boyle, was employed full-time as an attorney, date of hire being May 29, 1984.

9. In the fall of 2011, the Plaintiff began to experience chest discomfort, which radiated to his back. Imaging studies on January 3, 2012, showed "*degenerative disease, mid to lower thoracic spine with prominent bridging and osteophytes involving the lower thoracic spine.*"

10. The Plaintiff sought conservative treatment for his back condition, which continued to worsen and required work restrictions to be placed by his primary care physician, Dr. Jon Wardner.

11. The Plaintiff has been diagnosed with the following medical conditions:

>  Lumbosacral spondylosis
>  Thoracic spondylosis
>  Facet hypertrophy
>  Central canal stenosis
>  Disc bulge T12-S1
>  Mild-moderate bilateral hip osteoarthritis
>  Chronic lipidemia
>  Chronic hypertension

12. As a result of the above-described medical conditions, the Plaintiff experiences persistent and chronic low back pain, hip pain pain in back radiating into ribs on the right, back and chest pain aggravated by standing, left lower extremity numbness.

13. The Plaintiff is prescribed Norco, which is a narcotic. He is also prescribed Flexeril and was previously prescribed Vicodin. Additionally, when taking narcotic pain medications, the Plaintiff cannot legally operate a motor vehicle.

14. Due to the worsening of his symptoms and the need for narcotic pain medications, the Plaintiff's last day worked was on February 6, 2015. At that point in his career, the Plaintiff had been an attorney with the Kitch Drutchas law firm for 31 years and was a "Principal" of the law firm.

15. In accordance with his employment contract, the Plaintiff applied for and received short term disability benefits for the time period February 6, 2015, through March 23, 2015.

16. On May 14, 2015, Defendant corresponded with the Plaintiff advising that their "Disability Benefits Specialist made the initial decision" to terminate Mr. O'Boyle's short term disability benefit. The Plaintiff appealed Unum's decision himself and subsequently received an appeal denial.

17. The Plaintiff retained the undersigned services and we submitted an appeal of the short term disability termination on November 6, 2015. Defendant denied that appeal on December 28, 2015, which was a final appeal decision advising that Plaintiff had "*the right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974.*"

18. During the appeal review of the short term disability termination, the undersigned submitted the Plaintiff's claim for long term disability benefits on November 9, 2015. In correspondence dated November 24, 2015, Unum confirmed receipt of the long term disability application and advised that they would take it under "consideration".

19. On January 15, 2016, Defendant denied the Plaintiff's claim for long term disability benefits.

20. One week later, on January 21, 2016, Defendant advised the undersigned that the life insurance waiver of premium for group life insurance benefits had also been denied.

21. On June 30, 2016, the undersigned appealed Defendant's decision to deny the plaintiff's claim for long term disability and waiver of premium for life insurance benefits, providing a multitude of medical records and documentation together with Physician Statements of Disability signed by Drs. Wardner and Adams stating that plaintiff was "*totally and permanently disabled" from his own occupation and any other full time occupation.*"

22. On August 16, 2016, Defendant advised that they were upholding their decision to deny long term disability benefits and waiver of premium for life insurance benefits and that if the Plaintiff disagreed with their decision, he had the right "*to bring a civil*

5

*suit under section 502(a) of the Employee Retirement Income Security Act of 1974."*

23. As a result of his inability to return to work - in any capacity - the plaintiff applied for disability benefits through the Social Security Administration, which decision remains pending at this time.

## COUNT I
### Claim for Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) against Defendant

24. Plaintiff incorporates paragraphs 1 through 23 above as if fully restated herein.

25. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of a plan.

26. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

27. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of his physicians and disabling medical conditions.

28. The failure and refusal of the Plan to pay the benefits owed Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

29. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

30. The actions of the Plan have caused damage to Plaintiff in the form of the denial of short term disability benefits, long term disability benefits and waiver of premium for life insurance benefits.

31. In addition, because the Plan denied the payment of Plaintiff's short term and long term disability benefits, Plaintiff became ineligible for other benefits provided through his employment such as pension, medical benefits, and the waiver of group life insurance premiums.

## PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B. A full and accurate accounting by defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C. An Order compelling defendant to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D. An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E. Such other relief as may be just and appropriate.

Dated: December 16, 2016

*/s/ Troy W. Haney*
Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503